IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Sharpe Innovations, Inc.,**<br><br>    Plaintiff,<br><br>    v.<br><br>**United States Cellular Corporation,**<br><br>    Defendant. | Case No. _____<br><br>Patent Case<br><br>Jury Trial Demanded |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Sharpe Innovations, Inc. ("Sharpe"), through its attorneys, complains of United States Cellular Corporation ("U.S. Cellular"), and alleges the following:

### PARTIES

1. Plaintiff Sharpe Innovations, Inc. is a corporation organized and existing under the laws of North Carolina that maintains its principal place of business at 1300 Westwood Village Lane, Suite 403, Midlothian, VA 23114.

2. Defendant United States Cellular Corporation is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 8410 W Bryn Mawr Ave, Chicago, IL 60631.

### JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

4. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

### VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Sharpe has suffered harm in this district.

### PATENTS-IN-SUIT

7. Sharpe is the assignee of all right, title and interest in United States Patent Nos. 8,337,239 (the "'239 Patent"); 8,573,986 (the "'986 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Sharpe possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

### The '239 Patent

8. The '239 Patent is entitled "Hardened micro SIM adaptor," and issued 12/25/2012. The application leading to the '239 Patent was filed on 12/9/2010, which ultimately claims priority from provisional application number 61/369,223, filed on 7/30/2010. A true and correct copy of the '239 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

9. The '239 Patent is valid and enforceable.

### The '986 Patent

10. The '986 Patent is entitled "SIM card adaptor," and issued 11/5/2013. The application leading to the '986 Patent was filed on 11/13/2012, which ultimately claims priority

from provisional application number 61/369,223, filed on 7/30/2010. A true and correct copy of the '986 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

11. The '986 Patent is valid and enforceable.

## FACTS

12. Cameron Holmes is the inventor of the SIM card adaptor technologies illustrated in the '239 Patent and the '986 Patent. He is also the Founder and one of the Owners of Sharpe Innovations, Inc., a North Carolina-based technology company that make SIM card adaptors that maintain their shape, even up to temperatures of 250 degrees Fahrenheit. The company is currently woman and family owned. It also sells and manufactures SIM adapters, which can be purchased at Sharpe's website: www.sharpeinnovations.com/purchase.

13. Sharpe's SIM cards are made for any cellular device, including phones, tablets, hotspots, and computers. It markets its SIM cards through a series of blog posts, and tutorial videos that were posted on YouTube. Further, on its website, Sharpe invited its users to see the patents it obtained for its Micro and Nano Sim Card Adapters.

## COUNT 1: INFRINGEMENT OF THE '239 PATENT

14. Sharpe incorporates the above paragraphs herein by reference.

15. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '239 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least U.S. Cellular's US Cellular 4G LTE SIM Card for Cellphone (3-in-1 Universal Size) (the "Exemplary U.S. Cellular Products") that infringe at least exemplary claims 1 of the '239 Patent (the "Exemplary '239 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the

claims of the '239 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

16. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

17. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '239 Patent. On information and belief, Defendant has also continued to sell the Exemplary U.S. Cellular Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '239 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '239 Patent.

18. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '239 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '239 Patent.

19. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '239 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '239 Patent.

20. Exhibit 3 includes charts comparing the Exemplary '239 Patent Claims to the Exemplary U.S. Cellular Products. As set forth in these charts, the Exemplary U.S. Cellular Products practice the technology claimed by the '239 Patent. Accordingly, the Exemplary U.S.

Cellular Products incorporated in these charts satisfy all elements of the Exemplary '239 Patent Claims.

21. Sharpe therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

22. Sharpe is entitled to recover damages adequate to compensate for Defendant's infringement.

### COUNT 2: INFRINGEMENT OF THE '986 PATENT

23. Sharpe incorporates the above paragraphs herein by reference.

24. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '986 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary U.S. Cellular Products that infringe at least exemplary claims 1 of the '986 Patent (the "Exemplary '986 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '986 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

25. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '986 Patent. On information and belief, Defendant has also continued to sell the Exemplary U.S. Cellular Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '986 Patent. Thus, on

information and belief, Defendant is contributing to and/or inducing the infringement of the '986 Patent.

27. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '986 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '986 Patent.

28. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '986 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '986 Patent.

29. Exhibit 4 includes charts comparing the Exemplary '986 Patent Claims to the Exemplary U.S. Cellular Products. As set forth in these charts, the Exemplary U.S. Cellular Products practice the technology claimed by the '986 Patent. Accordingly, the Exemplary U.S. Cellular Products incorporated in these charts satisfy all elements of the Exemplary '986 Patent Claims.

30. Sharpe therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

31. Sharpe is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

32. Under Rule 38(b) of the Federal Rules of Civil Procedure, Sharpe respectfully requests a trial by jury on all issues so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Sharpe respectfully requests the following relief:

    A.    A judgment that the '239 Patent is valid and enforceable;

    B.    A judgment that the '986 Patent is valid and enforceable;

    C.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '239 Patent;

    D.    A judgment that Defendant has infringed, contributorily infringed, and/or induced infringement of one or more claims of the '986 Patent;

    E.    An accounting of all damages not presented at trial;

    F.    A judgment that awards Sharpe all appropriate damages under 35 U.S.C. § 284 for Defendant's past infringement, and any continuing or future infringement of the Patents-in-Suit, up until the date such judgment is entered, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary, to adequately compensate Sharpe for Defendant's infringement, an accounting:

        i.    that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Sharpe be awarded its reasonable attorneys' fees against Defendant that it incurs in prosecuting this action;

        ii.    that Sharpe be awarded costs, and expenses that it incurs in prosecuting this action; and

        iii.    that Sharpe be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: July 1, 2019	Respectfully submitted,

*/s/ Isaac Rabicoff*
Isaac Rabicoff
**Rabicoff Law LLC**
73 W Monroe St
Chicago, IL 60603
(773) 669-4590
isaac@rabilaw.com

**Counsel for Plaintiff
Sharpe Innovations, Inc.**