# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Sharpe Innovations, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> United States Cellular Corporation, <br><br> *Defendant*. | Case No. 19-CV-04411 <br><br> Patent Case <br><br> Hon. Sara L. Ellis <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANT UNITED STATES CELLULAR CORPORATION'S ANSWER TO COMPLAINT AND DEFENSES

Defendant United States Cellular Corporation ("U.S. Cellular") hereby answers the Complaint for Patent Infringement of U.S. Patent Nos. 8,337,239 ("the '239 Patent") and 8,573,986 ("the '986 Patent") (collectively "the Patents-in-Suit") filed by Plaintiff Sharpe Innovations, Inc. ("Sharpe") on July 2, 2019 (Dkt. 1) (the "Complaint") as follows:

### PARTIES[1]

1. Plaintiff Sharpe Innovations, Inc. is a corporation organized and existing under the laws of North Carolina that maintains its principal place of business at 1300 Westwood Village Lane, Suite 403, Midlothian, VA 23114.

**ANSWER:** U.S. Cellular lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

---

[1] The headings from the Complaint are reproduced herein solely for the convenience of the reader. To the extent such headings include or infer allegations, they are hereby denied.

2.   Defendant United States Cellular Corporation is a corporation organized and existing under the laws of Delaware that maintains its principal place of business at 8410 W Bryn Mawr Ave, Chicago, IL 60631.

**ANSWER:** U.S. Cellular admits that it is a corporation organized and existing under the laws of Delaware that maintains a place of business at 8410 W Bryn Mawr Ave, Chicago, IL 60631.

## JURISDICTION

3.   This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

**ANSWER:** Paragraph 3 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, U.S. Cellular admits that Sharpe purports to bring this action under the patent laws of the United States, Title 35 of the United States Code, but denies that the Complaint asserts any viable cause of action and denies that any liability is owed to Sharpe in this case.

4.   This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** Paragraph 4 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, U.S. Cellular admits that this Court has subject matter jurisdiction over an action for alleged violations of the United States patent laws.

5.   This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

**ANSWER:** U.S. Cellular admits that this Court has personal jurisdiction over it for purposes of this action. U.S. Cellular denies that it has committed any acts of patent infringement giving rise to this action within this District and denies the remaining allegations in Paragraph 5.

## VENUE

6. Venue is proper in this District under 28 U.S.C. § 1400(b) because Defendant has committed acts of patent infringement in this District, and has an established place of business in this District. In addition, Sharpe has suffered harm in this district.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 6.

## PATENTS-IN-SUIT

7. Sharpe is the assignee of all right, title and interest in United States Patent Nos. 8,337,239 ("the '239 Patent"); 8,573,986 ("the '986 Patent"); (collectively the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Sharpe possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

**ANSWER:** U.S. Cellular admits that Sharpe is identified on the face of the Patents-in-Suit as the alleged Assignee of each patent. U.S. Cellular lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

### The '239 Patent

8. The '239 Patent is entitled "Hardened micro SIM adaptor," and issued 12/25/2012. The application leading to the '239 Patent was filed on 12/9/2010, which ultimately claims priority from provisional application number 61/369,223, filed on 7/30/2010. A true and correct copy of the '239 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

**ANSWER:** U.S. Cellular admits that the face of the '239 Patent indicates that it issued on December 25, 2012 and it is titled "Hardened micro SIM adaptor." U.S. Cellular admits that the face of the '239 Patent further indicates that Application No. 12/963,936 was filed December 9, 2010 and claims priority to Provisional Application No. 61/369,223, but denies that the Provisional Application supports the '239 Patent claims. U.S. Cellular admits that an alleged copy of the '239 Patent is attached to the Complaint as Exhibit 1. U.S. Cellular lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies such allegations.

9. The '239 Patent is valid and enforceable.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 9.

### The '986 Patent

10. The '986 Patent is entitled "SIM card adaptor," and issued 11/5/2013. The application leading to the '986 Patent was filed on 11/13/2012, which ultimately claims priority from provisional application number 61/369,223, filed on 7/30/2010. A true and correct copy of the '986 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

**ANSWER:** U.S. Cellular admits that the face of the '986 Patent indicates that it issued on November 5, 2013 and is titled "SIM Card Adaptor." U.S. Cellular admits that the face of the '986 Patent further indicates that Application No. 13/675,322 was filed November 13, 2012 as a continuation-in-part of Application No. 12/963,936 and that it claims priority to Provisional Application No. 61/369,223, but denies that the Provisional Application supports the '986 Patent claims. U.S. Cellular admits that an alleged copy of the '986 Patent is attached to the Complaint as Exhibit 2. U.S. Cellular lacks knowledge sufficient to form a belief as to the truth of the remaining allegations of this paragraph, and therefore denies such allegations.

11. The '986 Patent is valid and enforceable.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 11.

### FACTS

12. Cameron Holmes is the inventor of the SIM card adaptor technologies illustrated in the '239 Patent and the '986 Patent. He is also the Founder and one of the Owners of Sharpe Innovations, Inc., a North Carolina-based technology company that make SIM card adaptors that maintain their shape, even up to temperatures of 250 degrees Fahrenheit. The company is currently woman and family owned. It also sells and manufactures SIM adapters, which can be purchased at Sharpe's website: www.sharpeinnovations.com/purchase.

**ANSWER:** U.S. Cellular lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

13. Sharpe's SIM cards are made for any cellular device, including phones, tablets, hotspots, and computers. It markets its SIM cards through a series of blog posts, and tutorial videos

4

that were posted on YouTube. Further, on its website, Sharpe invited its users to see the patents it obtained for its Micro and Nano Sim Card Adapters.

**ANSWER:** U.S. Cellular lacks knowledge sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore denies such allegations.

### COUNT 1: INFRINGEMENT OF THE '239 PATENT

14. Sharpe incorporates the above paragraphs herein by reference.

**ANSWER:** U.S. Cellular repeats and re-asserts its responses to Paragraphs 1-13 above.

15. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '239 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least U.S. Cellular's US Cellular 4G LTE SIM Card for Cellphone (3-in-1 Universal Size) (the "Exemplary U.S. Cellular Products") that infringe at least exemplary claims 1 of the '239 Patent (the "Exemplary '239 Patent Claims") literally or by the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '239 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 15.

16. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER:** Paragraph 16 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, U.S. Cellular denies the allegations in Paragraph 16.

17. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '239 Patent. On information and belief, Defendant has also continued to sell the Exemplary U.S. Cellular Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '239 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '239 Patent.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 17.

18. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '239 Patent, literally or by the doctrine of equivalence,

5

by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '239 Patent.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 18.

19. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues materially contribute to their own customers' infringement of the '239 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '239 Patent.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 19.

20. Exhibit 3 includes charts comparing the Exemplary '239 Patent Claims to the Exemplary U.S. Cellular Products. As set forth in these charts, the Exemplary U.S. Cellular Products practice the technology claimed by the '239 Patent. Accordingly, the Exemplary U.S. Cellular Products incorporated in these charts satisfy all elements of the Exemplary '239 Patent Claims.

**ANSWER:** U.S. Cellular admits that a chart titled "Claim Chart for United States Cellular Corporation, U.S. Pat. No. 8,337,239" is attached to the Complaint as Exhibit 3. U.S. Cellular denies the remaining allegations in Paragraph 20 and in Exhibit 3 to the Complaint.

21. Sharpe therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 21 and in Exhibit 3 to the Complaint.

22. Sharpe is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 22.

**COUNT 2: INFRINGEMENT OF THE '986 PATENT**

23. Sharpe incorporates the above paragraphs herein by reference.

**ANSWER:** U.S. Cellular repeats and re-asserts its responses to Paragraphs 1-22 above.

24. **Direct Infringement.** Defendant has been and continues to directly infringe one or more claims of the '986 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Exemplary U.S. Cellular Products that infringe at least exemplary claims 1 of the '986 Patent (the "Exemplary '986 Patent Claims") literally or by

the doctrine of equivalence. On information and belief, numerous other devices that infringe the claims of the '986 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 24.

25. The filing of this Complaint constitutes notice and actual knowledge in accordance with 35 U.S.C. § 287.

**ANSWER:** Paragraph 25 contains allegations and/or conclusions of law to which no response is required. To the extent a response is required, U.S. Cellular denies the allegations in Paragraph 25.

26. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '986 Patent. On information and belief, Defendant has also continued to sell the Exemplary U.S. Cellular Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '986 Patent. Thus, on information and belief, Defendant is contributing to and/or inducing the infringement of the '986 Patent.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 26.

27. **Induced Infringement.** Defendant actively, knowingly, and intentionally has been and continues to induce infringement of the '986 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '986 Patent.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 27.

28. **Contributory Infringement.** Defendant actively, knowingly, and intentionally has been and continues [to] materially contribute to their own customers' infringement of the '986 Patent, literally or by the doctrine of equivalence, by selling Exemplary U.S. Cellular Products to their customers for use in end-user products in a manner that infringes one or more claims of the '986 Patent.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 28.

29. Exhibit 4 includes charts comparing the Exemplary '986 Patent Claims to the Exemplary U.S. Cellular Products. As set forth in these charts, the Exemplary U.S. Cellular Products practice the technology claimed by the '986 Patent. Accordingly, the Exemplary U.S.

Cellular Products incorporated in these charts satisfy all elements of the Exemplary '986 Patent Claims.

**ANSWER:** U.S. Cellular admits that a chart titled "Claim Chart for United States Cellular Corporation, U.S. Pat. No. 8,573,986" is attached to the Complaint as Exhibit 4. U.S. Cellular denies the allegations in Paragraph 29 and in Exhibit 4 to the Complaint.

30. Sharpe therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 30 and in Exhibit 4 to the Complaint.

31. Sharpe is entitled to recover damages adequate to compensate for Defendant's infringement.

**ANSWER:** U.S. Cellular denies the allegations in Paragraph 31.

## JURY DEMAND

32. Under Rule 38(b) of the Federal Rules of Civil Procedure, Sharpe respectfully requests a trial by jury on all issues so triable.

**ANSWER:** U.S. Cellular admits that Sharpe purports to request a jury trial on all issues so triable.

## SHARPE'S PRAYER FOR RELIEF

U.S. Cellular denies that Sharpe is entitled to any relief whatsoever in this action, either as prayed for in its Complaint and Demand for Jury Trial or otherwise.

**DEFENSES**

Subject to its response above, and upon information and belief, U.S. Cellular alleges and asserts the following defenses in response to the allegations of the Complaint. Without assuming any burden other than that imposed by operation of law, U.S. Cellular asserts these defenses without admitting that U.S. Cellular bears the burden of proof on any of them. In addition to the defenses described below, U.S. Cellular reserves all rights to allege additional defenses as it becomes known through the course of this action.

**FIRST DEFENSE**
**(Non-Infringement as to U.S. Patent No. 8,337,239)**

33. U.S. Cellular does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '239 patent, either directly, contributorily, by inducement, jointly, or in any other manner.

**SECOND DEFENSE**
**(Non-Infringement as to U.S. Patent No. 8,573,986)**

34. U.S. Cellular does not infringe and has not infringed, literally or by the doctrine of equivalents, any valid and enforceable claim of the '986 patent, either directly, contributorily, by inducement, jointly, or in any other manner.

**THIRD DEFENSE**
**(Invalidity of U.S. Patent No. 8,337,239)**

35. On information and belief, each and every claim of the '239 patent is invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

## FOURTH DEFENSE
### (Invalidity of U.S. Patent No. 8,573,986)

36. On information and belief, each and every claim of the '986 patent is invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to, 35 U.S.C. §§ 101-103, 111-113, and 116.

## FIFTH DEFENSE
### (Prosecution History Estoppel)

37. On information and belief, Sharpe is estopped from asserting that the Patents-in-Suit and its respective claims are infringed under the doctrine of equivalents because of certain admissions and statements the patent applicants made to the United States Patent and Trademark Office ("PTO") during the prosecution of the applications that resulted in the Patents-in-Suit.

## SIXTH DEFENSE
### (Limitation on Damages)

38. On information and belief, Sharpe's right to seek damages is limited, including, without limitation, by 35 U.S.C. §§ 286, 287 and 288.

## SEVENTH DEFENSE
### (Failure to State a Claim)

39. The Complaint fails to state a claim upon which relief can be granted.

## EIGHTH DEFENSE
### (Equitable Defenses)

40. On information and belief, Sharpe's claims for relief are barred in whole or in part by equitable doctrines including, but not limited to, equitable estoppel and/or other doctrines.

## NINTH DEFENSE
### (Lack of Standing)

41. Sharpe has failed to provide any evidence that it has standing to bring this action on the Patents-in-Suit.

## TENTH DEFENSE
### (Limitations on Cost)

42. Plaintiff is precluded from recovering costs under 35 U.S.C. § 288.

## ELEVENTH DEFENSE
### (Injunctive Relief Not Available)

43. Sharpe is not entitled to any form of injunctive relief because Sharpe has not suffered, and will not suffer, irreparable harm because of U.S. Cellular's conduct, Sharpe has an adequate remedy at law, and the balance of hardship and the public interest do not favor injunctive relief.

## TWELFTH DEFENSE
### (No Willful Infringement)

44. Sharpe is not entitled to enhanced or increased damages for willful infringement because U.S. Cellular has not engaged in any conduct that meets the applicable standard for willful infringement.

## THIRTEENTH DEFENSE
### (No Exceptional Case)

45. Sharpe is not entitled to relief pursuant to 35 U.S.C. § 285 because U.S. Cellular has not engaged in any conduct that meets the applicable standard to render this case exceptional.

## U.S. CELLULAR'S PRAYER FOR RELIEF

WHEREFORE, Defendant U.S. Cellular respectfully requests judgment granting the following relief:

1. Entry of judgment on the Complaint in favor of U.S. Cellular, and against Sharpe, with Sharpe not being awarded any relief;

2. A dismissal with prejudice of each and every claim against U.S. Cellular in Sharpe's complaint;

3. A declaration that this is an "exceptional case" within the meaning of 35 U.S.C. § 285, and an award to U.S. Cellular of its expenses, costs and attorneys' fees; and

4. An award to U.S. Cellular of such other and further equitable or legal relief as the Court deems just and proper.

DATED: October 24, 2019

Respectfully submitted,

*/s/ Edward D. Johnson*
Edward D. Johnson (*pro hac vice*)
Michael A. Molano (*pro hac vice*)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
wjohnson@mayerbrown.com
mmolano@mayerbrown.com

B. Clayton McCraw (*pro hac vice*)
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020
Telephone (212) 506-2500
cmccraw@mayerbrown.com

Priya A. Desai
MAYER BROWN LLP
71 South Wacker Drive
Chicago, IL 60606
Telephone (312) 782-0600
pdesai@mayerbrown.com

*Counsel for Defendant United States Cellular Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 24 day of October, 2019, a true copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to the following:

Isaac Rabicoff
RABICOFF LAW LLC
73 W Monroe St
Chicago, IL 60603
Telephone: (773) 669-4590
isaac@rabilaw.com

Counsel for Plaintiff Sharpe Innovations, Inc.

/s/ Edward D. Johnson
Edward D. Johnson (*pro hac vice*)
MAYER BROWN LLP
Two Palo Alto Square, Suite 300
3000 El Camino Real
Palo Alto, California 94306-2112
Telephone: (650) 331-2000
wjohnson@mayerbrown.com

*Counsel for Defendant
United States Cellular Corporation*